UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DELORES BENNEFIELD and <br> DELORES WALKER <br> Plaintiffs, <br><br> vs. <br><br> PROFESSIONAL RECOVERY <br> SERVICES, INC., a/k/a PRS <br> Defendant, | Case Number <br><br><br> CIVIL COMPLAINT <br><br><br> JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiffs, Delores Bennifield and Delores Walker by and through their undersigned counsel, Brent F. Vullings Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I.   INTRODUCTORY STATEMENT**

1.  Plaintiffs, Delores Bennefield and Delores Walker, (hereinafter "Plaintiff Bennefield" and "Plaintiff Walker"), are adult natural persons and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant maintains an office in this district and transacts business here.

## III. PARTIES

4. Plaintiff, Delores Bennefield, is an adult natural person residing at 2364 Boykin Road, Augusta, Georgia 30906.

5. Plaintiff, Delores Walker, is an adult natural person residing at 3303 Burton Drive, Augusta, Georgia 30906.

6. Defendant, Professional Recovery Services, Inc. ("Defendant"), at all times relevant hereto, is a limited liability company engaged in the business of collecting debt within the state of Georgia with an office located at 221 Laurel Road, Suite 350, Voorhees, New Jersey 08043.

7. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

8. On or about December 6, 2009, Plaintiff Walker received a telephone call at her place of employment from Defendant's agent, "Mel Brooks".

9. Defendant's agent asked to speak with "Delores". Coincidentally, Plaintiff Walker is a co-worker of Plaintiff Bennefield.

10. Since Defendant's agent did not state a last name of the person he was looking for, until the end of the conversation, it was not apparent that Defendant's agent was actually calling about Plaintiff Benefield's alleged HSBC account.

11. Defendant's agent told Plaintiff Walker that he was calling about her HSBC account and went on to tell her the amount owed to the account.

12. Plaintiff Walker was under the impression Defendant's agent was calling for her because she also has a HSBC account and she was willing to make a settlement offer with Defendant on *her* account.

13. Defendant's agent stated that Plaintiff would have to pay $50.00 now and $150.00 starting on January 18, 2010.

14. During this same call, Defendant's agent told Plaintiff Walker that he would take her pay check if she did not agree to make payment arrangements.

15. Defendant's agent pointedly stated that he knew where Plaintiff Walker lived and worked. The threatening tone of this statement unnerved Plaintiff Walker.

16. Plaintiff Walker became very upset and told Defendant's agent that she would do what she had to avoid having Defendant's take her entire pay check.

17. Defendant's agent began going over Plaintiff Bennefields address with Plaintiff Walker and she interrupted him by saying that the address he just referenced was not hers and he must have the wrong person.

18.   Defendant's agent asked if her name was Delores Bennefield and she responded it was not her name, "my name is Delores Walker".

19.   Plaintiff Walker wrote down everything Defendant's agent said, ended the telephone conversation with "Mr. Brooks", and proceeded to tell Plaintiff Bennefield about the telephone conversation.

20.   Neither Plaintiff Walker nor Plaintiff Bennefield have ever received anything in writing from Defendant.

21.   The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiffs to pay the debt.

22.   The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23.   At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

24.   At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

25.   As a result of Defendant's conduct, Plaintiffs has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, damage to Plaintiff's credit, invasion

of privacy, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I - FDCPA

26. The above paragraphs are hereby incorporated herein by reference.

27. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).20. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1): | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer, before 8:00 am or after 9:00 pm; |
| §§ 1692b(2): | Contact of third party: stated that consumer owes any debt |
| §§ 1692c(b): | With anyone except consumer, consumers attorney, or credit bureau concerning the debt; |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person; |
| §§ 1692e(4): | Nonpayment of any debt will result in arrest or imprisonment of any person or the seizure, garnishment, attachment; |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt; |

§§ 1692g: Failure to send the consumer a 30-day validation notice within five days of initial communication;

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Professional Recovery Services, Inc. for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act.

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit;

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: January 12, 2010**

BY: */s/ Brent F. Vullings*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff